# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **JOSE ROLANDO ARROYO BALCAZR,** ) <br> ) <br> **Movant,** ) <br> ) <br> **v.** ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> **Respondent.** ) | **Case No. 4:20-cv-08027-KOB** <br> **4:15-cr-133-KOB-JHE-1** |

## MEMORANDUM OPINION

This matter comes before the court on Jose Rolando Arroyo Balcazar's *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (Cv. Doc. 1). A jury convicted Mr. Balcazar of 12 counts related to the possession and distribution of methamphetamine, including a conspiracy count, on May 13, 2016. (Cr. Doc. 169).[1] The court later sentenced Mr. Balcazar to a term of 360 months on February 28, 2017. (Cr. Doc. 294). That sentence included a two-point enhancement for witness intimidation. (Cr. Doc. 292 at 27-28). The Eleventh Circuit Court of Appeals affirmed Mr. Balcazar's

---

[1] Documents from Mr. Balcazar's criminal trial, case number 4:15-cr-133-KOB-JHE, are designated "Cr. Doc. ___." Documents from Mr. Balcazar's § 2255 action, case number 4:20-cv-08027-KOB, are designated "Cv. Doc. ___."

conviction and sentence after he challenged the witness intimidation enhancement on appeal. *United States v. Balcazar*, 775 Fed. Appx. 657 (11th Cir. 2019).

Mr. Balcazar now collaterally attacks his conviction and sentence on two grounds. First, he argues that the witness intimidation enhancement was an abuse of discretion. Second, Mr. Balcazar contends that the assistance of his counsel was ineffective in various respects to the point of violating his Sixth Amendment right to counsel. The court liberally construes Mr. Balcazar's motion because he is proceeding *pro se*. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000).

The Eleventh Circuit's prior affirmance of the sentencing enhancement bars Mr. Balcazar from further relitigating that point in a collateral attack, and the court finds that Mr. Balcazar's arguments regarding ineffective assistance of counsel lack merit. So, the court will deny Mr. Balcazar's motion.

I.   **BACKGROUND**

Mr. Balcazar's first criminal conviction came in October 2007 when he received a thirty-year sentence for trafficking in methamphetamine. (Cr. Doc. 292 at 29). Incarceration, however, did not prevent Mr. Balcazar from continuing his involvement in drug trafficking. From his cell in Wilcox State Prison in Georgia, Mr. Balcazar acted as the "[o]rganizer and leader" of a drug ring that trafficked

methamphetamine from Georgia to Alabama, using phone calls to arrange the drug transactions. (Cr. Doc. 292 at 12-13).

    A.    <u>Trial and Sentencing</u>

On May 13, 2016 a jury convicted Mr. Balcazar of 12 counts of drug trafficking and conspiracy charges stemming from his prison activities. (Cr. Doc. 169). The presentence report included a two-point enhancement to Mr. Balcazar's offense level based on testimony that he threatened a witness, Yesenia Montufar, by yelling at her through air vents when she and Mr. Balcazar were both being held in the Jefferson County jail. (Cr. Doc. 292 at 27). At trial, Ms. Montufar had testified that Mr. Balcazar tried to dissuade her from testifying against him by telling her that he knew where her family was. (Cr. Doc. 282 at 45-46). The court adopted the presentence report without change (cr. doc. 295 at 1), and sentenced Mr. Balcazar to 360 months' imprisonment (cr. doc. 294).

At Mr. Balcazar's sentencing, the court noted that Mr. Balcazar's counsel, Samuel Holmes, had filed two objections to the presentence report and asked whether counsel wished to be heard further on those objections. Mr. Holmes responded, "I do not, Your Honor. You heard the evidence at trial and I don't want to waste the Court's time." The court in turn overruled the objections, explaining that testimony at trial justified the sentencing enhancements included in the

presentence report, including the enhancement for witness intimidation. (Cr. Doc. 334 at 3-4).

Mr. Balcazar filed a notice of appeal on November 30, 2017. (Cr. Doc. 317). On appeal, Mr. Balcazar's appellate counsel, Mark Montiel, argued that the district court erred by applying the witness intimidation enhancement. The Eleventh Circuit rejected Mr. Balcazar's argument regarding the sentencing enhancement in an opinion issued on July 1, 2019. *United States v. Balcazar*, 775 Fed. Appx. 657 (11th Cir. 2019).

B.      Habeas Case

Mr. Balcazar filed his current habeas petition on June 29, 2020. (Cv. Doc. 1). The court ordered the government to show cause why it should not grant the petition on July 16, 2020, and the government filed its response on October 19, 2020. (Cv. Docs. 2, 5). Mr. Balcazar in turn filed a reply on November 9, 2020. (Cv. Doc. 6).

The court subsequently notified Mr. Balcazar that it would treat his case as ripe for summary disposition and provided him the opportunity to submit any additional evidentiary materials or legal arguments for consideration by December 7, 2020. (Cv. Doc. 7). On December 18, Mr. Balcazar filed a supplemental response (Cv. Doc. 8). Mr. Balcazar submitted additional filings on March 8, 2021 and September 13, 2022 renewing his assertion that he was entitled to relief and

that the government's response to the show-cause order did not state adequate grounds for denying his motion. (Cv. Docs. 9, 10). Mr. Balcazar is currently in federal prison in Victorville, California, with a projected release date of November 16, 2042.

## II. LEGAL STANDARD

All criminal defendants enjoy the right to the assistance of counsel under the Sixth Amendment to the United States Constitution. The promise of that right is unfulfilled, however, when counsel's assistance is ineffective—that is, when (1) counsel's performance falls below an objective standard of reasonableness and (2) the defendant suffers prejudice because of the shortcomings in counsel's representation. *See Strickland v. Washington*, 466 U.S. 668, 684-91 (1984). But only when a lawyer's performance is "outside the wide range of professionally competent assistance" does it cross the line into a deficient performance that may violate the Sixth Amendment. *Strickland*, 466 U.S. at 690. To that end, the question is not whether a criminal defendant had a good lawyer, but rather "whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) (quoting *White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992)).

As to prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

## III. DISCUSSION

Mr. Balcazar raises two categories of arguments in his motion. He first renews his attack on the witness intimidation enhancement. He then asserts that this trial counsel was ineffective in several ways and that his appellate counsel was also ineffective in not raising an argument that his sentence was substantively unreasonable. The court addresses these arguments in turn.

### A. Sentencing Enhancement

Mr. Balcazar argues that the court abused its discretion in sentencing him to 360 months because that sentence included an enhancement of two points for witness intimidation. Mr. Balcazar argues that the court based that enhancement on "unproven hearsay statements" in the form of a witness's "uncorroborated testimony." (Cv. Doc. 1 at 11, 20). Mr. Balcazar further contends that the witness never testified that she was threatened and that the government failed to present evidence that he had knowingly intimidated or threatened the witness in question. (Cv. Doc. 1 at 20-21).

The court need not address the substance of these contentions because the Eleventh Circuit's ruling on Mr. Balcazar's previous appeal challenging the

sentencing enhancement bars him from relitigating that issue here. As the Eleventh Circuit has explained, "a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that we rejected in his direct appeal." *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) (collecting cases).

Here, Mr. Balcazar raised both his argument that the sentencing enhancement was an abuse of discretion and the argument that his counsel was ineffective on his direct appeal. The Eleventh Circuit rejected the sentencing enhancement argument but did not consider the ineffective assistance of counsel claim, preferring to consider it on collateral review. *Balcazar*, 775 Fed. Appx. 657. So, the court finds the sentencing enhancement argument procedurally barred but will address the ineffective assistance of counsel claim.

    B.    <u>Ineffective Assistance of Counsel</u>

Mr. Balcazar's motion for relief under Section 2255 identifies six ways in which his counsel's performance was allegedly deficient. The court addresses each in turn.

        1.    *Sentencing Enhancement Objections*

Mr. Balcazar's first argument is that Mr. Holmes' performance was deficient because Mr. Holmes did not avail himself of the opportunity to make oral arguments to supplement his written objections to two sentencing enhancements.

7

Mr. Balcazar's presentence report included two sentencing enhancements—one for witness intimidation and one for Mr. Balcazar's role as a leader or organizer of a conspiracy involving at least five conspirators. *See* (cr. doc. 292 at 27-28). Mr. Holmes objected to these two enhancements in writing. (Cr. Doc. 292-1). Then, at Mr. Balcazar's sentencing, the court noted that it had received and reviewed the two written objections and asked Mr. Holmes if he "wish[ed] to be heard further on either of those objections." Mr. Holmes responded: "I do not, Your Honor. You heard the evidence at trial and I don't want to waste the Court's time." (Cr. Doc. 334 at 3).

Mr. Balcazar's contention that his counsel's decision to decline the opportunity to be heard further rendered counsel's assistance ineffective is unpersuasive on both prongs of the *Strickland* test. First, Mr. Holmes' decision was well within the range of professional judgment. Having already filed a written objection, Mr. Holmes was under no obligation to supplement that objection with oral argument, and Mr. Balcazar offers no reason why a reasonable attorney could not have chosen to stand on the written objections. To be sure, the written objections were modest—but as explained below, that fact speaks more to the weakness of the objections than to any lack of zeal on the part of Mr. Holmes.

Mr. Balcazar's argument also fails with respect to prejudice because he has not demonstrated a "reasonable probability" that the outcome of his sentencing

would have been different had his counsel made oral arguments against his sentencing enhancements. As to the enhancement for a leadership role in a conspiracy of five or more participants, Mr. Balcazar does not identify any argument that Mr. Holmes neglected to include in the written objections but could have raised orally or any other basis for concluding that oral argument would have created a "reasonable probability" of a different outcome. The court concluded, based on the testimony at trial, that "there was enough to certainly justify the enhancement for the defendant's role in this humongous criminal enterprise." (Cr. Doc. 334 at 3). Mr. Balcazar offers no reason to believe that oral advocacy could have led the court to conclude otherwise.

Nor does Mr. Balcazar demonstrate prejudice from Mr. Holmes' choice not to make oral arguments in opposition to the witness intimidation enhancement. Mr. Balcazar calls the enhancement "unproven" and makes much of the government's statement in its response to Mr. Holmes' objection that it anticipated presenting additional evidence related to the witness intimidation enhancement at sentencing, which it did not do. *See* (cr. doc. 292-1 at 1). The government, however, did not need to present any additional evidence at the sentencing hearing because the court noted that it had heard testimony at trial "about the threats that were made to Ms. [Montufar] so as to justify that enhancement." (Cr. Doc. 334 at 3-4). So, any government presentation of additional evidence would have been superfluous.

9

Mr. Balcazar also contends that Mr. Holmes should have "set out to interview as many individuals that were housed at the jail at the same time that Petitioner and Ms. Montufar were and questioned them concerning the alleged statement(s) or threat." (Cv. Doc. 1 at 19). But Mr. Balcazar fails to identify any witness such an investigation would have disclosed or to provide any reason for believing that any witness existed who could have discredited Ms. Montufar's testimony. His arguments, therefore, fall far short of establishing a "reasonable probability" that his sentence would have been different had Mr. Holmes acted differently.

2.   *Quantity of Methamphetamine*

Mr. Balcazar next argues that Mr. Holmes was deficient in failing to challenge the quantity of methamphetamine attributed to him, arguing that the court should have made individualized findings of the drug quantities attributable to each defendant. (Cv. Doc. 1 at 23-25). But the 1.603 kilogram figure used to calculate Mr. Balcazar's offense level properly reflects the jury verdict. The presentence report identifies with precision the quantity of drugs involved in each count on which the jury found Mr. Balcazar guilty, which total 1.603 kilograms. In other words, the 1.603-kilogram figure is not a pie from which responsibility is to be allocated among the conspirators; rather, it represents the total quantity of methamphetamine that the jury convicted Mr. Balcazar personally of trafficking.

Because the court sentenced Mr. Balcazar using a properly individualized calculation of the quantity of methamphetamine covered by the jury verdict, no basis existed on which Mr. Holmes could or should have challenged the quantity used in sentencing. For the same reason, Mr. Balcazar suffered no prejudice from Mr. Holmes' decision not to raise a meritless objection.

      3.    *Prior Conviction*

Mr. Balcazar's next contention is that Mr. Holmes was ineffective for failing to challenge a prior conviction that added three points to his offense level. (Cv. Doc. 1 at 27-28). Mr. Balcazar does not dispute the existence of the conviction or identify any basis on which his counsel could have challenged it. He simply asserts that his counsel should have informed him that challenging his prior conviction during sentencing would "preserve a later challenge to the State conviction in the event the State reclassified the offense or if he was successful on a[n] ineffective assistance of counsel challenge." (Cv. Doc. 1 at 28).

But Mr. Balcazar's contention regarding the preservation of a "later challenge" is distinct from a claim that the outcome of his sentencing would have been different had Mr. Holmes challenged the conviction. Without identifying a basis on which Mr. Holmes could have challenged the prior conviction, Mr. Balcazar meets neither prong of *Strickland*: he has shown no reason why any competent attorney would have challenged the conviction, much less why *no*

11

competent attorney would have failed to challenge it; nor has he shown any reason to believe that a challenge to the prior conviction would have changed his sentence. This claim accordingly fails as well.

    4.    *Downward Departure*

Mr. Balcazar contends that Mr. Holmes was ineffective because counsel failed to argue for a downward departure on his criminal history score, which Mr. Balcazar says was an "overstatement" of his criminal history. (Cv. Doc. 1 at 29). But Mr. Balcazar presents no reason why the ordinary calculation of his criminal history score resulted in an overstatement or any basis on which Mr. Holmes could have argued for a downward departure. Mr. Balcazar cannot prevail on either prong of the *Strickland* test without providing such a basis, and this claim also fails.

    5.    *Offense Level Calculation*

Mr. Balcazar next claims that Mr. Holmes was ineffective for failing to object to the calculation of his offense level, specifically two points that Mr. Balcazar claims he received for a co-defendant's possession of a gun. (Cv. Doc. 1 at 28-29). But the presentence report explicitly states that the gun possession "was not applied for [Mr. Balcazar]." (Cr. Doc. 292 at 27-28). The two points added for specific offense characteristics came, as the presentence report explains, from the witness intimidation enhancement, not the gun possession enhancement that the

government determined did not apply. Because Mr. Balcazar is factually mistaken, this ineffective assistance claim fails as well.

### 6. *Substantive Unreasonableness of Sentence*

Finally, Mr. Balcazar argues that his appellate counsel, Mark Montiel, was ineffective because he failed to argue that the length of Mr. Balcazar's sentence was substantively unreasonable. (Cv. Doc. 1 at 22-23). Appellate courts review a district court's sentencing for an abuse of discretion. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020). Mr. Balcazar's only new argument (apart from reiterating his contention that the witness intimidation enhancement was improper) as to why the sentence was unreasonable is that his co-defendants received lesser sentences. (Cv. Doc. 1 at 23). But sentencing Mr. Balcazar, the ringleader of a drug conspiracy, to a longer sentence than other conspirators is hardly novel. Whether Mr. Montiel could credibly have argued that the sentence was unreasonable, such an argument is certainly not so strong that any reasonable lawyer would raise it. Nor does Mr. Balcazar develop any argument beyond conclusory assertions that his sentence likely would have been different had Mr. Montiel raised the argument. So, this aspect of Mr. Balcazar's ineffective assistance of counsel argument also fails both prongs of *Strickland*.

## IV. CONCLUSION

Mr. Balcazar's motion raises a litany of arguments, none of which is meritorious. The Eleventh's Circuit's rejection on direct appeal of Mr. Balcazar's objections to the sentencing enhancement for witness intimidation bars him from relitigating that issue in a collateral attack. Nor do any of the attacks Mr. Balcazar makes on the performance of either Mr. Holmes or Mr. Montiel indicate a deficient representation or a likelihood of a different outcome had counsel taken a different approach. For the reasons outlined above, the court will therefore DENY Mr. Balcazar's motion under 28 U.S.C. § 2255 as well as his Motion to Show Cause.

**DONE** and **ORDERED** this 11th day of October, 2022.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE